UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| THE FLETCHER-TERRY COMPANY, LLC ) | C.A. No.: |
| Plaintiff ) |  |
| vs. ) |  |
| ALFA AUTOMATION U.S.A. INC. ) |  |
| Defendant ) |  |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, The Fletcher-Terry Company, LLC ("Fletcher-Terry") complains and alleges as follows against Alfa Automation U.S.A. Inc. ("Alfa Automation").

### PARTIES

1. Fletcher-Terry is a Connecticut limited liability company with a principal place of business at 91 Clark Drive, East Berlin, Connecticut.

2. Upon information and belief, Alfa Automation is a corporation existing under the laws of the State of Michigan with a principal place of business at 31874 Northwestern Highway, Farmington Hills, Michigan.

### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 1331 and § 1338 because the action arises under the patent laws of the United States, including 35 U.S.C. § 271.

4. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Alfa Automation "resides" in this district within the meaning of 28

U.S.C. § 1391(c) insofar as it is subject to personal jurisdiction in this district. Alternatively, upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the actions and/or omissions giving rise to the claim(s) in this action occurred in this district.

5. Upon information and belief, this Court has personal jurisdiction over Alfa Automation because it conducts business in Connecticut, including offering for sale or selling products that infringe the patent-in-suit identified below.

## NATURE OF THE CASE

6. Fletcher-Terry began as a business in 1868 and today is a leading manufacturer of picture frame assembly machinery, picture frame assembly fasteners, picture frame material cutters and scoring devices, and picture frame material fasteners.

7. Upon information and belief, Alfamacchine Srl was an Italian based manufacturer of frame joining machinery, V-Nail fasteners and framing points.

8. Upon information and belief, AMP was a business located in Vernon Hills, Illinois, USA, which business began in the late 1980s as a distributor for Alfamacchine Srl products.

9. Upon information and belief, in the late 1990s Illinois Tool Works ("ITW") acquired the AMP business and operated AMP as a division of ITW under ITW's corporate umbrella.

10. Upon information and belief, in 2005 ITW acquired Alfamacchine Srl, the Italian based manufacturer of frame joining machinery, V-Nail fasteners and framing points.

11. Upon information and belief, subsequent to the acquisition, ITW held Alfamacchine Srl as an indirect wholly owned subsidiary of ITW.

12. In 2012, Fletcher-Terry purchased the AMP division business of ITW and the Alfamacchine Srl subsidiary of ITW.

13. Since 2012 Fletcher-Terry has operated the acquired Alfamacchine Srl business and the acquired AMP division business to produce and sell underpinners/frame assembly machines, framing points and V-nail fasteners, including the Power Twist® V-Nail fasteners, used in the picture framing and woodworking industries.

## THE PATENT INFRINGEMENT

14. Fletcher-Terry owns by assignment all right, title and interest in U.S. Patent No. 6,276,886 ("the '886 Patent") entitled *"Laminar Staple for Corner Jointing Profiled Strips"*, issued August 21, 2001 to inventor Mr. Giuseppe Raffoni. The '886 Patent is attached as Exhibit 1.

15. The '886 Patent is in full force and effect.

16. Fletcher-Terry has the sole right to bring this action for infringement of the '886 Patent.

17. Upon information and belief, Alfa Automation develops, manufacturers, markets and sells products that practice the claims of the '886 Patent.

18. Upon information and belief, Alfa Automation is at least partially owned by Mr. Giuseppe Raffoni.

19. Mr. Raffoni is featured on the website of Alfa Automation. *See* Alfa Automation's website http://www.alfaautomationusa.com/Home/About, last visited January 24, 2016.

20. Mr. Raffoni is the inventor of the '886 Patent, and upon information and belief was a shareholder and officer of Alfamacchine Srl in 2005 prior to the sale of Alfamacchine Srl to ITW.

21. Upon information and belief, as a shareholder and officer of Alfamacchine Srl in 2005 at the time of the sale of Alfamacchine Srl to ITW, Mr. Raffoni had actual knowledge that all right, title and interest of the '886 Patent had been sold to ITW.

22. Upon information and belief, Alfa Automation had active and constructive notice of the '886 Patent.

23. Despite having knowledge of the '886 Patent, Alfa Automation began offering for sale and selling staples that infringe the '886 Patent, including the staples contained in the following packaging bearing the name and address of Alfa Automation:

 



24. Preliminary analysis of a staple contained in the Alfa Automation box illustrated above indicates that the staple infringes the '886 Patent. This preliminary analysis and the following illustrations are for notice purposes under Fed. R. Civ. P. 8 and 12.

25. Below is an annotated pictorial image of the staple from the box shown above indicating that the staple includes a lamina having a centerline plane and folded according to a substantially W-shaped profile having two laminar walls arranged at an angle with respect to said centerline plane and two ribs extending outwardly from said walls:



26. Preliminary analysis and measurements were performed on cross sections of a staple contained in the Alfa Automation box along line A-A and along line C-C as shown below:



27. Preliminary analysis and measurements on cross-sections of the staple contained in the Alfa Automation box shown in paragraph 23 along lines A-A and line C-C of the staple shown in the preceding paragraph revealed the following relative shape and dimensions, and that the staple includes the features of said walls and said ribs having opposite ends defining a sharp edge and a striking edge, wherein said ribs are formed by laminar flat border portions of said walls, said ribs forming an angle with said walls decreasing from said sharp edge to said striking edge (e.g.,: $\alpha_L > \beta_L$; $\alpha_R > \beta_R$ ):



28. These illustrations are based upon Fletcher-Terry's preliminary analysis and measurements of a staple in the box illustrated in Paragraph 23, and may be amended based on additional analysis and discovery.

29. On January 25, 2016 Fletcher-Terry notified Alfa Automation of the '886 Patent.

## CAUSES OF ACTION

### COUNT I – INFRINGEMENT OF THE '886 PATENT (35 U.S.C. § 271)

30. Fletcher-Terry repeats and realleges the allegations contained in paragraphs 1-29 of its Complaint and incorporate them herein by reference.

31. Upon information and belief, Alfa Automation makes, uses, offers for sale, sells and/or imports into the United States for subsequent sale or use, products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more claims, including claim 1 of the '886 Patent per 35 U.S.C § 271.

32. Upon information and belief, products produced and sold by Alfa Automation, including the Power V-Lock product contained in the box illustrated in Paragraph 23, include a laminar staples each comprising a lamina having a centerline plane and folded according to a substantially W-shaped profile having two laminar walls arranged at an angle with respect to said centerline plane and two ribs extending outwardly from said walls, said walls and said ribs having opposite ends defining a sharp edge and a striking edge, wherein said ribs are formed by laminar flat border portions of said walls, said ribs forming an angle with said walls decreasing from said sharp edge to said striking edge.

33. On information and belief, Alfa Automation's infringement of the '886 Patent has been and continues to be willful.

34. Fletcher-Terry has been and will continue to be damaged by Alfa Automation's infringement of the '886 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Fletcher-Terry respectfully requests the following remedies and relief:

A. Enter judgment in favor of Fletcher-Terry against Alfa Automation on all counts;

B. Preliminarily and permanently enjoin Alfa Automation and its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the '886 Patent;

C. Enter judgment in the amount of Fletcher-Terry's infringement damages in an amount to be proven at trial per 35 U.S.C. § 284;

D. Award Fletcher-Terry treble damages as a result of the willful acts of Alfa Automation;

E. Award Fletcher-Terry cost and attorneys' fees and other relief that the Court may consider equitable, including but not limited to 35 U.S.C. § 284 and § 285;

F. Award Fletcher-Terry such further relief as this Court may deem just and necessary.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

THE PLAINTIFF,
THE FLETCHER-TERRY COMPANY, LLC.

Date: January 25, 2016         By____*/s/ Richard D. Getz*_____
Richard D. Getz (Federal Bar No. 23681)
CT Bar No. 407,434
O'Shea Getz P.C.
10 Waterside Drive, Suite 205
Farmington, CT 06032
Phone (860) 470-4700
Fax (413) 731-3101
rgetz@osheagetz.com